UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

TONI TOSTON,

                          Plaintiff,

v.                                                  Case No. 16-cv-1112-pp

PAMELA ZANK,
JOHN O'DONOVAN,
WILLIAM POLLARD, and
JAMES MUENCHOW,

                          Defendants.

_____

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 14), DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 14), SCREENING PLAINTIFF'S AMENDED COMPLAINT, AND DISMISSING JAMES MUENCHOW AS A DEFENDANT,**

_____

      The plaintiff, a Wisconsin state prisoner who is representing himself, filed this lawsuit under 42 U.S.C. §1983, dkt. no. 1, along with a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2. The plaintiff later filed an amended complaint, dkt. no. 11, and recently filed a motion for temporary restraining order and motion for preliminary injunction, dkt. no. 4. This order resolves the plaintiff's motions and screens his amended complaint.

I.    <u>Motion for Leave to Proceed without Prepayment of the Filing Fee</u>

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with

1

his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On August 19, 2016, the court ordered the plaintiff to pay an initial partial filing fee of $53.19. Dkt. No. 6. In an order entered September 1, 2016, the court allowed the plaintiff to pay the initial partial filing fee from his release account. Dkt. No. 10. The plaintiff paid the fee on September 19, 2016. Accordingly, the court will grant the plaintiff's complete motion for leave to proceed without prepayment of the filing fee. The court will require the plaintiff to pay the remainder of the filing fee over time as set forth at the end of this decision.

II.     Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.(citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### A.    The Plaintiff's Allegations

On May 3, 2012, correctional officer Moungey (not a defendant in this case) conducted a pat search of the plaintiff. Dkt. No. 11 at 1. Moungey's bladed hand made contact with the plaintiff's testicles twice, even after the plaintiff alerted Moungey that he had touched his testicles. Id. The plaintiff felt violated, and filed an inmate complaint against Moungey. Id.

Defendant James Muenchow, an institution complaint examiner, dismissed the complaint with modification on May 9, 2012. Id. at 1-2. The modification referred the complaint to the warden for an investigation (into staff sexual assault, under the Prison Rape Elimination Act, "PREA"). Id. at 2.

On June 18, 2012, the plaintiff received a conduct report written by defendant Pamela Zank, for lying about staff regarding the plaintiff's report of a

3

sexual assault during a pat search by Moungey. Id. On June 29, 2012, defendant Captain John O'Donovan conducted a hearing on the conduct report, and found the plaintiff guilty of lying about staff. Id. The plaintiff argued that he never made a statement outside of the complaint procedure and therefore was not guilty. Id. O'Donovan sentenced the plaintiff to 180 days of disciplinary separation. Id.

The plaintiff filed an appeal to defendant Warden William Pollard; he argued that there was no evidence in the record to support the charges or the finding of guilt. Id. Pollard affirmed the finding of guilt, and stated only, "[p]enalty and finding of guilt appropriate." Id.

On August 12, 2012, the plaintiff filed an inmate complaint, alleging that the conduct report and the process he received regarding the conduct report were retaliatory. Id. Muenchow rejected the complaint, and the plaintiff exhausted his administrative remedies. Id.

On August 16, 2012, the plaintiff filed another inmate complaint, citing Wis. Admin. Code § DOC 310.16(6), which states: "The department may not subject an inmate to reprisal for using or participating in the ICRS. An inmate shall be entitled to pursue, through the ICRS, a complaint that a reprisal has occurred." Muenchow assigned this complaint a number, but then rejected it, claiming that the plaintiff made a false statement outside the complaint procedure. Dkt. No. 1 at 2. The plaintiff filed an appeal that accused Muenchow of "blatantly lying," but the decision was upheld by the proper reviewing authority. Id.

4

The plaintiff alleges that the defendants retaliated against him for exercising his First Amendment rights, and asks for punitive, compensatory and nominal damages. Id. at 3.

**B.     Analysis**

To prevail on a First Amendment retaliation claim, a plaintiff must show that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quoting Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009)).

When he filed his May 3, 2012 complaint against Moungey, the plaintiff was exercising his First Amendment rights. He has demonstrated the first element of a First Amendment retaliation claim.

In response, defendant Muenchow dismissed the complaint, but referred the allegations for a PREA investigation. Defendant Zank then issued a conduct report, charging the plaintiff with lying about staff. Defendant O'Donovan found the plaintiff guilty of lying, and sentenced him to 180 days of disciplinary separation. Defendant Pollard summarily affirmed the finding. The plaintiff then filed two inmate complaints, alleging that these defendants had retaliated against him; those complaints were dismissed (he does not say by whom). Being charged in a conduct report, and receiving a 180-day sanction, are

5

deprivations that likely would deter First Amendment activity in the future. This meets the second element of a First Amendment retaliation claim.

Finally, the issuance of the conduct report, and the imposition of the sanction, occurred within a month or so of the plaintiff's filing his complaint about Moungey's behavior during the pat-down. While this fact alone does not prove that the defendants were motivated to issue the conduct report, and the sanctions, by an intent to chill the plaintiff's First Amendment rights, the allegations and the timing are sufficient at this stage in the litigation for the court to allow the plaintiff to proceed.

The court will not, however, allow the plaintiff to proceed against all of the defendants. While defendant Muenchow dismissed the plaintiff's complaint about Moungey, he did refer the plaintiff's allegations for a PREA investigation. Muenchow's referral did not deprive the plaintiff of any right—it sought to make sure that someone reviewed the allegations to make sure that the plaintiff had not been the subject of sexual misconduct. The plaintiff has not alleged that Muenchow caused him a deprivation that would deter him from exercising his constitutional rights in the future.

At this early stage, the court will allow the plaintiff to proceed on First Amendment retaliation claims against the named defendants: Zank, O'Donovan, and Pollard. The court will dismiss Muenchow as a defendant.

III. <u>Plaintiff's Motions for TRO/Preliminary Injunction</u>

On July 18, 2017, the plaintiff filed a document entitled "Notice of Motion and Motion for an Immediate Hearing for a Temporary Retaining [sic] Order

6

and Preliminary Injunction that Enjoins Prison Officials at WCI to Transfer Plaintiff Out of WCI to Another Maximum Facility Due to Threats of Physical Harm and Acts of Retaliation by Staff at WCI." Dkt. No. 14. In this document, the plaintiff complains about retaliatory actions taken by Moungey and Security Director Anthony Meli. According to the plaintiff, Moungey threatened the plaintiff with physical harm on July 14, 2017. Id. at 3. He alleges that Meli had the plaintiff revoed from his food service work assignment on June 1, 2017. Id. at 3-4.

To obtain preliminary injunctive relief, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If he shows those three things, the court then must balance the harm to each party and to the public interest from granting or denying the injunction. Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013); Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*)).

The court must deny the plaintiff's motion for several reasons. First, the individuals he asks the court to restrain or enjoin are not defendants in this case. Second, other than the fact that the plaintiff uses the word "retaliation" in the motion, the allegations in this motion are unrelated to the events

7

underlying the plaintiff's claims in the complaint. Anything Moungey or Meli May have done in June and July 2017 is highly unlikely to be related to the actions taken by Zank, O'Donovan and Pollard five years ago in the summer of 2012. The plaintiff is not entitled to a temporary restraining order or injunctive relief against Moungey and Meli. If he believes that the allegations he makes in this motion state a claim in their own right, the plaintiff may file a new complaint and open a new case to pursue those claims. He may not, however, pursue different defendants who allegedly acted five years after the events in his complaint in this case.

   IV.   Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DISMISSES** James Muenchow as a defendant.

The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $296.81 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary or his designee shall identify the payments by the case name and number.

The court will send a copy of this order to the officer in charge of the agency where the inmate is confined.

The court **DENIES** the plaintiff's motion for temporary restraining order, dkt. no. 14, and **DENIES** the plaintiff's motion for preliminary injunction, dkt. no. 14.

The court **ORDERS** that, under an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

The court also **ORDERS** that, under the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court **ORDERS** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1]  If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

The court advises the plaintiff that failure to timely file pleadings or other documents may result in the dismissal of this case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 2nd day of August, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**