UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TONI TOSTON,

                Plaintiff,

v.                                  Case No. 16-cv-1112-pp

PAMELA ZANK,
JOHN O'DONOVAN, and
WILLIAM POLLARD,

                Defendants.

---

### DECISION AND ORDER DENYING PLAINTIFF'S MOTION PURSUANT TO RULE 60(B) (DKT. NO. 26)

---

On August 2, 2017, the court screened the plaintiff's complaint, and allowed him to proceed on First Amendment retaliation claims against defendants Zank, O'Donovan, and Pollard; the court dismissed James Muenchow as a defendant. Dkt. No. 17 at 10. The defendants answered the complaint on September 29, 2017, dkt. no. 23, and the court entered a scheduling order on October 10, 2017, dkt. no. 25. On October 18, 2017, the court received a motion from the plaintiff; he filed the motion under Federal Rule of Civil Procedure 60(b). Dkt. No. 26. The plaintiff asks the court to reconsider the dismissal of James Muenchow as a defendant. Id.

Rule 60(b) does not apply. That rule allows the court to provide relief from *judgment* in certain circumstances, but the court has not entered judgment.

1

Federal Rule of Civil Procedure 54(b), however, allows the court to revise an order, before it enters a judgment adjudicating all the plaintiff's claims, that resolves fewer than all of the plaintiff's claims. Courts consider motions to revise an order under Rule 54(b) by largely the same standards they use to consider motions to alter or amend a judgment under Rule 59(e): "to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir.1987) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F.Supp. 656, 665-66 (N.D.Ill.1982), aff'd, 736 F.2d 388 (7th Cir.1984) (citation and footnote omitted)), amended by, 835 F.2d 710 (7th Cir.1987); compare Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir.1996) (providing nearly identical standard for motion under Rule 59(e)).

Motions to reconsider serve a limited function, and "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Caisse Nationale de Credit Agricole v. CBI Indus, Inc., 90 F.3d 1264, 1269-70 (7th Cir. 1996).

The plaintiff argues that Muenchow failed to do his job as a complaint examiner, and that Muenchow's failure "furthered the retaliatory actions." Dkt. No. 26 at 1. According to the plaintiff, Muenchow deliberately lied on the record (claiming that the plaintiff made a false statement, which resulted in his being punished). He argues that there is no evidence in the record that he made a false statement, and that if Muenchow had done his job, "it would have halted the reprisal" the plaintiff suffered for filing what he says is a nonfrivolous

complaint. Id. He asks the court to give the plaintiff an opportunity to prove that Muenchow's actions were harmful and violated the plaintiff's right to be free from retaliation. Id.

As the court discussed in its screening order, whatever Muenchow may have believed about the truth of the plaintiff's claims, Muenchow still referred the plaintiff's allegations for PREA investigation. The purpose of that referral was to make sure that someone reviewed the allegations to determine whether the plaintiff had been the subject of sexual misconduct. Although Muenchow rejected the plaintiff's complaint at the same time that he made the referral for an investigation, the plaintiff did not allege in the complaint—and does not allege here—that in rejecting the complaint, Muenchow's actions prevented him from filing complaints (or in any other way exercising his right to free speech) in the future. The court did not make a manifest error of fact or law in the screening order.

The court also notes that the plaintiff's complaint was his opportunity to detail his claims against Muenchow. Nowhere in that complaint did the plaintiff allege that Muenchow lied about the plaintiff making a false statement. The plaintiff now seeks to raise new facts and new allegations in the context of a motion to reconsider. A party cannot base a motion to reconsider on information the court did not have when it made the original decision, unless the party only discovered that information *after* the court issued its decision. The plaintiff's new allegations against Muenchow are not "newly-discovered

3

evidence," and do not give this court reason to reconsider its decision.

The court **DENIES** the plaintiff's motion. Dkt. No. 26.

Dated in Milwaukee, Wisconsin this 1st day of November, 2017.

                              **BY THE COURT:**

                              _____
                              **HON. PAMELA PEPPER**
                              **United States District Judge**