UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TONI TOSTON,

        Plaintiff,

v.                                                 Case No. 16-cv-1112-pp

PAMELA ZANK, JOHN O'DONOVAN,
and WILLIAM POLLARD,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER JUDGMENT (DKT. NO. 61)**

---

        Plaintiff Toni Toston filed a complaint on August 18, 2016, alleging that the defendants retaliated against him for filing an inmate complaint when they issued him a conduct report that resulted in his spending time in segregation. On August 27, 2018, the court granted the defendants' motion for summary judgment. Dkt. No. 59. The plaintiff has asked the court to alter that judgment. Dkt. No. 61.

        The plaintiff filed his motion under Federal Rule of Civil Procedure 59(e), which allows a court to alter a judgment only if the movant can demonstrate "a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 486, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). A manifest error of law is "not demonstrated by the disappointment of the losing party. It is the 'wholesale

1

disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224, F.3d 601, 606 (7th Cir. 2000) (citation omitted).

The plaintiff's motion does not identify any newly discovered evidence. Instead, it asserts that the court committed several manifest errors of law when it found that defendant Pamela Zank did not retaliate against him for filing an inmate complaint. The plaintiff first argues that the court did not cite the controlling precedent for a retaliation claim; he says that the court should have cited Babcock v. White, 102 F.3d 267 (7th Cir. 1996) and Mt. Healthy City Sch. Dist. Bd. Educ. v. Doyle, 429 U.S. 274, 97 (1977)). Dkt. No. 61 at 1. The plaintiff concedes that under these cases, he had the burden of proving by a preponderance of the evidence that he was engaging in an activity protected by the First Amendment and that that activity was one of the reasons the defendants acted against him. Id. at 2. He states that if he made such a showing, the burden of persuasion would shift to the defendants to show that they would have taken the same actions absent protected activity. Id. The plaintiff assumes that he met his burden, and argues that once the burden of persuasion shifted to the defendants, they did not meet it—they did not show that they would have written the conduct report even if he had not filed an inmate complaint. Id.

The plaintiff is correct that the court did not rely on Babcock or Mt. Healthy in citing the standard for evaluating a retaliation claim. That is because those cases are twenty-three and forty-two years old, respectively.

2

There are many more recent cases that state the standard (which is what the plaintiff says it is); the court just used more recent cases, to make sure it was citing the most current law. See Dkt. No. 59 at 14-15. The fact that the court cited more recent cases describing the same standard articulated in Babcock and Mt. Healthy does not constitute manifest error.

Next, the plaintiff argues that the court improperly applied the standard. He asserts that the court should have placed the burden on the defendants to show that the conduct report and resulting segregation time were not punishment for his engaging in the protected activity. But that isn't the standard. As the plaintiff notes and as the standard states, the burden shifts to the defendants only if the plaintiff has satisfied all the elements required to state a *prima facie* claim of retaliation. The court found that the plaintiff had *not* satisfied all the elements of a *prima facie* claim, because he had not shown a causal connection between Zank issuing him the conduct report and his engaging in the protected activity of writing an inmate complaint.

The plaintiff cites Tate v. Jenkins, No. 09-CV-169, 2010 WL 3809765 (E.D. Wis. Sept. 24, 2010), which also relies on the legal standard used by this court; that case is distinguishable. In Tate, the plaintiff received a conduct report for lying about staff after an investigation rendered unfounded his allegation that the prison staff were racially discriminating against African Americans' inmate complaints and several officers had unjustly taken his property. Id. at *4-5. The parties presented conflicting evidence on whether the

3

allegations were in fact unfounded. The plaintiff in Tate alleged that the defendant who wrote the conduct report had told the plaintiff that the defendant was going to put "a target on [the plaintiff's] back" because of the plaintiff's allegations. Id. at *2, 9. The Tate court found that there was a dispute as to a material issue of fact—whether the plaintiff should have received a conduct report and whether the conduct report had been issued in retaliation for the plaintiff engaging in the protected activity of free speech. Id., *9.

      Although the plaintiff disagrees with Zank's finding that he lied about staff, the only evidence he provided the court in the way of a dispute of material fact is his assertion that the conduct report Zank issued was dismissed. The plaintiff argues that because the report was dismissed (albeit years later, and by a different warden), the only possibly explanation for why Zank issued it was because she was trying to retaliate against him. This ignores the undisputed facts: Zank received a report that something had happened (something she didn't observe herself, and wasn't involved in). She investigated, and concluded based on the evidence she found that the plaintiff had been untruthful. The reviewing authorities found otherwise, but that does not mean that Zank did not believe the plaintiff had lied when she issued the report. The issue is Zank's intent, and the plaintiff has not presented any evidence to support his argument Zank intended to get back at him for filing an inmate complaint.

Third, the plaintiff disagrees with the court's characterization that he relies on circumstantial evidence—what the court characterized as the "suspicious timing" of the conduct report—to defeat the defendants' summary judgment argument. The plaintiff says that he isn't relying on the "suspicious timing" alone. He says he submitted direct evidence—the defendants' admission in discovery that Warden Foster dismissed the conduct report in September 2016 (dkt. no. 47-1 at 32)—showing that retaliation was a motivating factor for Zank to issue the conduct report. As the court explained in its order, that argument assumes that Zank had no evidence to support her belief that the plaintiff had lied about the alleged assault. The court pointed out that there is no record evidence to show why Foster dismissed the conduct report years later, and significant evidence to show why Zank believed the plaintiff had lied. The issue is not whether the plaintiff lied; it is whether Zank had reason to believe the plaintiff had lied when she issued the conduct report. The plaintiff insists that she issued the report to punish him for complaining, but the evidence indicates that she issued the report to punish him for what Zank believed was *falsely* complaining.

The remainder of the plaintiff's motion rehashes his arguments regarding the significance of the conduct report being dismissed four years later. The court discussed this argument at length in its decision. It will not do so again here. While plaintiff disagrees with the court's decision, his

5

disagreement does not constitute manifest error under Rule 59(e). See Oto v. Metropolitan Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000).

Finally, the plaintiff admits that he has no retaliation claim against Pollard and O'Donovan.

The court **DENIES** the plaintiff's motion to alter judgment. Dkt. No. 61.

Dated in Milwaukee, Wisconsin, this 11th day of June, 2019.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**